CARRIE SARBACH, as Administratrix, etc., *Appellant*, v. THE FIDELITY & DEPOSIT COMPANY OF MARYLAND et al., *Appellees.*

No. 18,173.

SYLLABUS BY THE COURT.

AGENCY—*Embezzlement—Remedies Available to Principal.* A creditor seeking to recover a fund alleged to have been misappropriated by its agent may simultaneously in separate actions proceed against the estate of the misappropriator and other parties alleged to have participated in the misuse of the fund, and after the full amount of the claim has been allowed against the estate and classified such creditor is entitled to the same dividend as other creditors of the same class without regard to the result of pending suits against such other parties.

Appeal from Jackson district court. Opinion filed July 6, 1912. Affirmed.

*I. T. Price, Charles Hayden, A. E. Crane, E. D. Woodburn,* and *F. T. Woodburn,* all of Holton, for the appellant.

*T. F. Garver,* and *R. D. Garver,* both of Topeka, for the appellees.

The opinion of the court was delivered by

WEST, J.: Carrie Sarbach is administratrix of the estate of her deceased husband, Albert Sarbach, with debts amounting to over $76,000, the estate being insolvent. Having collected in about $32,700 she petitioned the probate court for an order of distribution among the undisputed claims, and was directed to pay twenty-five per cent upon all which had been allowed except that of the Grand Lodge of Masons, which was ordered to be held in abeyance until it could be determined how much, if anything, should be recovered by the lodge in its suits against various banks and individuals. From this order an appeal was taken to

the district court, where the administratrix was ordered to pay without regard to the pendency of the cases referred to.  From that order this appeal was taken.  The claim of the grand lodge was for moneys claimed to have been received by Sarbach as grand treasurer with which he was chargeable at the date of his death.  Subsequent to the allowance of this claim suits were brought against certain banks and persons to recover various sums alleged to have been wrongfully paid or received by them out of the trust fund in possession of Sarbach as grand treasurer, in some of which cases judgments were recovered and appealed from to this court.  The Fidelity and Deposit Company of Maryland claims to have succeeded to all the rights of the grand lodge touching the fund in question and is the appellee herein.

It is contended by the administratrix that the fidelity company should not be allowed to collect twenty-five per cent of its claim against the estate from her until it appears whether it can collect more than seventy-five per cent from the other banks and persons sued; that the other suits are for portions of the identical money claimed to have been in the hands, or which should have been in the hands, of Sarbach at his decease, and that as the other defendants are solvent the estate should not be made to pay such a per cent as would permit the fidelity company to become overpaid, and it is argued that the probate court rightfully withheld payment of the twenty-five per cent until these claims could be fully adjudicated and the court could equitably determine the amount that each would, on final distribution, be entitled to, or liable for, and to prevent the payment of an undue amount to any one creditor of the fifth class from funds which under the law belong to other creditors of the same class to their detriment.

The fidelity company contends that the estate owes the entire indebtedness, and that while the claimant

can recover but once it has a right to the same dividends as other creditors of the estate without waiting for the adjudication of other actions involving the same shortage out of which all the litigation has grown. Authorities are cited in support of the rule that the creditor can demand and receive dividends upon the full amount of his claim regardless of any sums received from his collateral.

We do not regard the question as the familiar one of a creditor pursuing an insolvent estate while holding collateral for his debt, and do not think the same rule necessarily applies. The contention of the creditor is that Sarbach had, or should have had, in his hands over $16,000 belonging to the grand lodge, which has assigned its claim to the appellee; that Sarbach had misappropriated this amount of funds, thereby rendering his estate liable therefor, the claims for which have been allowed and classified; that banks and persons besides Sarbach participated in the misappropriation of this same fund and therefore have become liable for such portions thereof as their part in the transaction concerned; that different parties having misused a fund belonging to a creditor he may look to one or all for reimbursement and while he can have but one recovery of the full amount, he may pursue any one or more at will until the amount properly coming from the ones thus pursued is received. A very similar question was raised in *Washbon v. Bank,* 86 Kan. 468, 121 Pac. 515. It was there held that the proof and allowance of a claim against the estate is not a bar to an action against one of the banks, but that the claimant might consistently pursue both remedies until there should be one satisfaction. It was said:

"So here, the plaintiffs have not waived their claim of ownership of the fund sought to be recovered, but are pursuing the estate of the one who misappropriated it and the bank who paid out the money with alleged

knowledge of its trust character. This they may do until from one source or the other their claim, if rightful, shall be satisfied." (p. 474.)

We think the appellee has the same right to the twenty-five per cent dividend as other creditors of the same class, and if, in any of the pending proceedings, any overplus should be recovered the creditor must account to the estate therefor, but until such contingency happens neither of the debtors who have participated in the wrongful diversion of the fund in question can require the claimant to stay proceedings until it is seen how much some other debtor may be compelled to pay.

The appellee suggests that there was no motion for a new trial and that therefore we can not consider any errors resulting from rulings upon evidence. The evidence consists of a stipulation that the allegations of the petition and amended petition of the administratrix should be taken as true, and while the abstract does not show the proceedings or steps taken to perfect an appeal the one question of law has been briefed and argued, and in view of the stipulation a motion for a new trial was not necessary. (*Wagner v. Railway Co.*, 73 Kan. 283, 85 Pac. 299; *Darling v. Railway Co.*, 76 Kan. 893, 93 Pac. 612; *Sheets v. Henderson*, 77 Kan. 761, 93 Pac. 577; Civ. Code, § 305.)

The judgment is affirmed.