No. 21,392.

M. D. SAMPSON, *Appellant*, V. C. VANDERWILT, *Appellee.*

SYLLABUS BY THE COURT.

1. AGENCY—*Commission—Evidence.* The evidence examined, and held to have been sufficient to require its submission to the jury.

2. SAME—*Agent . Acting in Dual Capacity—Commission.* One who in a loan transaction acts as agent for both borrower and lender, with their full knowledge and approval, is entitled to any commission agreed by either of them to be paid to him.

3. SAME—*Sufficient Motion for New Trial.* The motion for a new trial (even if such motion were necessary or proper) held to be sufficient in form to call attention to the alleged error in sustaining a demurrer to the plaintiff's evidence.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion filed June 8, 1918. Reversed.

*C. S. Crawford,* and *Edward S. Crawford,* both of Abilene, for the appellant.

*G. W. Hurd, Arthur Hurd,* and *Bruce C. Hurd,* all of Abilene, for the appellee.

The opinion of the court was delivered by

WEST, J.: · The plaintiff appeals from an order sustaining a demurrer to his evidence and from the overruling of his motion for a new trial. In his petition he alleged, in substance, that the defendant verbally applied to him, a loan broker, for a loan of $7,000 on some land and employed him to secure such loan for a period of five years at five percent interest; that he secured such loan; that it was verbally understood and agreed that for his services defendant would pay him five percent of its amount, $350; that, having fully carried out his part of the agreement, the defendant had refused to pay him, except the sum of $200, leaving $150 due, for which judgment was prayed.

The plaintiff testified that the defendant applied to him for a loan of $7,000 on real estate which was then mortgaged for $5,000 about to mature; that the defendant asked him for a special rate on the commission and was informed that the pre-

vailing rate was one percent a year, and plaintiff stated that he could not make any concession on the commission, and the defendant thereupon, without objection, signed the application to the loan company. This application contained a clause to the effect that in all the transactions relative to the loan between the company or its agent and the defendant the company was to act solely in defendant's behalf and not as agent of any other person connected with or interested in the loan. Plaintiff further testified that previous to the disbursement of the proceeds of the loan he advanced the defendant $1,800, the original loan of $5,000 having been paid from the proceeds of the new loan; that the defendant said he could get a loan from another party at a less rate, but that plaintiff telephoned the party, who denied that this could be done, and the plaintiff then stated to the defendant that the usual commission would be expected in this case; that after the loan had been approved and the money forwarded he called upon the defendant with the figures of a final settlement and a note for $350 for six months to take care of the commission; that the defendant did not say anything in particular, except that the commission was too large and asked him to throw off his commission, saying that the $200 which the plaintiff retained was sufficient for his services.

The application is silent as to any compensation to be paid the loan company. The defendant admitted that he was to pay the plaintiff $12.50 for his services and filed a counterclaim for the $200 retained by him less this amount, but after the ruling on the demurrer dismissed the counterclaim.

The plaintiff seems to claim that the commission of $350 was to be divided between the loan company and himself in proportion of $210 and $140, respectively, although, as already indicated, the application made no mention of commission.

It is conceded that $5,000 of the money went to pay off a prior loan. It is not claimed that the defendant had any contract with the loan company for the payment of a commission, except as made with the plaintiff, its local correspondent, but there was testimony tending to show that the defendant agreed with him to pay a commission of $350, and the mere fact that the application recited that all the transactions touching the loan should be had with the company, and not

with any one else, does not furnish a sufficient reason to bar the plaintiff from recovering whatever the defendant agreed to pay him, if anything.

The trial court said, in passing upon the demurrer, that as the plaintiff signed the papers as agent or correspondent of the loan company he would not be allowed to say that he was also acting for the plaintiff at the same time and entitled to a commission. But there is no evidence or intimation that the plaintiff did not bargain in reference to a commission with the full knowledge and approval of both the borrower and the lender, and, if he thus dealt with them, neither can justly withhold from him the agreed compensation. (*Beeson v. Trainer,* 97 Kan. 523, 155 Pac. 939, and cases cited.)

Whatever the facts of the case turn out to be and whatever may be the right of the loan company, enough evidence was introduced on behalf of the plaintiff to entitle him to go to the jury, and it was error to sustain the demurrer.

The plaintiff's motion for new trial asked a vacation of the order sustaining the demurrer. It is said that the motion does not contain either of the statutory grounds for a new trial and does not call the attention of the court to error in sustaining the demurrer to the evidence. One of the grounds for new trial is erroneous rulings or instructions of the court. (Civ. Code, § 305.) One of the grounds alleged here was error of law occurring in the trial court and excepted to by the defendant at the time; another, that the order (sustaining the demurrer) was contrary to law. While the grounds mentioned in the abstract are not set forth in full accordance with the section of the code referred to, it can hardly be held that they utterly failed to call attention to the claim that it was error to sustain the demurrer to the evidence. Although impropriety of a motion for new trial when a demurrer to the evidence has been sustained is not suggested, see *Wagner v. Railway Co.,* 73 Kan. 283, 85 Pac. 299; *Van Tuyl v. Morrow,* 77 Kan. 849, 92 Pac. 303; and *Bank v. Goodrich,* 96 Kan. 719, 153 Pac. 541.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.