No. 22,250.

H. H. BERGGREN, *Appellee,* v. MARIA JOHNSON, *Appellant.*

SYLLABUS BY THE COURT.

EJECTMENT — *General Denial — Preliminary Statements to Jury — Demurrer to Statement—Wrongfully Sustained.*   The admission made in course of the preliminary statement to the jury in behalf of a defendant in ejectment, whose answer is a general denial, and who relies upon a claim of being the adopted child of a former owner of the property in controversy, that he can produce no evidence of the proceedings of a court relating to the matter, does not necessarily preclude his recovery upon the theory that a valid adoption had been brought about, because under that pleading he might prove that in the jurisdiction in which he asserts the adoption to have taken place the law permitted it to be accomplished without judicial action.   The rule that one who relies on a foreign law different from our own must plead as well as prove it, does not apply in an action where any defense can be shown under a general denial.

Appeal from McPherson district court; FRANK F. PRIGG, judge.   Opinion filed November 8, 1919.   Reversed.

*Thomas L. Bond,* of Salina, for the appellant.

*G. F. Grattan,* and *John M. Grattan,* both of McPherson, for the appellee.

The opinion of the court was delivered by

MASON, J.:   H. H. Berggren brought ejectment against Maria Johnson. The defendant answered with a general denial, claiming lawful possession of the property and title to a half interest therein, the manner of its acquisition not being pleaded. Upon a jury being impaneled to try the case, each attorney made a statement in behalf of his client. Thereupon the plaintiff demurred to the defendant's statement. The court sustained the demurrer, discharged the jury, and rendered judgment for the plaintiff. The defendant appeals.

The plaintiff's statement showed that he claimed full ownership under a deed from the administrator of the widow of Olof Lindberg, who had succeeded to the title of the property in question upon the death of the husband. The defendant's statement, by fair implication, although not expressly, admitted that Olof Lindberg owned the property at the time of his death, and that the plaintiff had acquired a half interest in it by the deed from his widow's administrator, and claimed the ownership of the other half interest by virtue of her having been his adopted daughter. The defendant's attorney, while asserting that there had been an actual adoption of his client, explicitly admitted that he could produce no evidence of any proceedings in court relative thereto, and would rely upon declarations of Olof Lindberg and the circumstances and the conduct of the parties.

The demurrer to the defendant's statement is of course to be treated as a motion for a judgment for the plaintiff thereon. The preliminary statement of his case and the evidence by which a party expects to sustain it is not to be treated as having the effect of a pleading. The mere fact that its allegations, if taken as true, would not entitle him to recover, does not warrant the sustaining of a motion for a judgment against him, because it is not to be inferred that he would introduce no evidence other than that therein referred to. The omission to include in the statement reference to some fact necessary

to his recovery is not material. The motion may be allowed only when the statement contains some clear, affirmative admission that is fatal to a recovery by the party making it. (*Brashear v. Rabenstein,* 71 Kan. 455, 80 Pac. 950.)

The decision of the trial court was obviously based upon the view that the case was controlled by the rule that rights of inheritance can be acquired through adoption in this state only by virtue of a substantial compliance with the requirements of our statute, which include the consent of the probate judge. (*Renz v. Drury,* 57 Kan. 84, 45 Pac. 71; *Malaney v. Cameron,* 98 Kan. 620, 159 Pac. 19.) The defendant, among other contentions, claims that he was entitled to prove, if he could, that the adoption had taken place in some other state or country where judicial proceedings were not necessary. (*Gray v. Holmes,* 57 Kan. 217, 45 Pac. 596.) To this the plaintiff responds that the law of every other jurisdiction is presumed to be the same as that of Kansas until the contrary is pleaded and proved, and that the defendant had neither pleaded nor offered to prove the existence of any different law elsewhere. The time for making proof, however, had not arrived, and, as has already been said, the defendant was not limited in the introduction of evidence to the allegations included in the preliminary statement to the jury. The general rule that the existence of a foreign law different from our own must be pleaded before it can be proved, means merely that the state of the law in another jurisdiction is treated as a question of fact, and can only be put in issue, like any other fact, by being pleaded. It applies to situations where the specific facts relied upon are required to be set out in detail in the pleadings. In ejectment the defendant, under a general denial, can show any fact tending to defeat a recovery by the plaintiff (*Clayton v. School District,* 20 Kan. 256; *Taylor v. Danley,* 83 Kan. 646, 112 Pac. 595), including matters ordinarily required to be specifically pleaded, such as the statute of another jurisdiction.

The judgment must be reversed because of the fact that the defendant was entitled to an opportunity, which was denied her, to attempt to prove an adoption without the consent of the probate court, valid because made in conformity with the law of the locality where it took place. It is unnecessary to determine whether or not a reversal is required on any other account.

In further proceedings, however, the defendant should not necessarily be confined to this single issue. She contends that the plaintiff should not be allowed to recover without making proof of his own title. As already suggested, the opening statement in her behalf seems to indicate that the plaintiff is entitled to recover unless by reason of a valid adoption. But if she seriously wishes to challenge the plaintiff's right on other grounds, she ought not to be prevented from so doing by any strict construction against her of expressions used in presenting her case to the jury, the accuracy of a pleading not being expected in such a presentation.

The defendant also claims the right to prove the fact of an actual and legal adoption otherwise than by evidence of the record, even although an order of a court should have been necessary to its accomplishment. The rule seems to be that this can be done only where the loss or destruction of the record has been shown (1 C. J. 1394), although exceptional circumstances have been held to create an estoppel to deny the adoption. (*Dawley v. Dawley's Estate*, 60 Colo. 73. See, also, *Lane v. Sanders*, [Tex. Civ. App.] 201 S. W. 1018; and note, 39 Am. St. Rep. 216.) It does not seem expedient, however, in advance of knowledge of just what the defendant may attempt to prove, to lay down a general rule broad enough to cover the entire field suggested. The admissibility of evidence that may be offered can be better determined in view of its precise character and the circumstances under which it is presented.

The plaintiff contends that the question we have decided is not before the court, because no motion for a new trial was filed. As there had been no trial of an issue of fact, such a motion was not essential to a review. (*Wagner v. Railway Co.*, 73 Kan. 283, 85 Pac. 299.)

The judgment is reversed, and the cause is remanded for further proceedings.