No. 25,253.

GEORGE W. SCHUBACH, *Appellant,* v. FRANK HAMMER, THOMAS E. PIGOTT, et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. PRACTICE—*Demurrer to Evidence Sustained—Ruling is Appealable—No Motion for New Trial Necessary.* An order sustaining a demurrer to evidence is a ruling on a question of law. It is an appealable order, and a motion for a new trial is neither necessary nor proper.

2. SAME—*Court Has Control Over Its Judgments During Term ·When Made.* A court has full control over its judgments during the term at which they are made, and may upon sufficient cause shown, in the exercise of its sound discretion, vacate or set them aside.

3. SAME—*Courts Control Over Judgments After Term at Which Rendered.* The only power a court has to set aside a judgment after the term at which it is rendered is that given to it by statute.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed February 7, 1925. Reversed.

*S. D. Scott,* of Olathe, *Charles A. Blair, Edwin S. McAnany, Maurice L. Alden,* and *Thomas M. Van Cleave,* all of Kansas City, for the appellant.

*J. W. Parker, G. A. Roberds,* both of Olathe, *O. H. Swearingen,* and *Allan T. Finnell,* both of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is a suit on a note for $1,000 and to foreclose a mortgage on real estate given to secure the note. The petition contained the usual allegations, among them, that the note and mortgage were made to Pettyjohn & Co., that before maturity and for value Pettyjohn & Co. sold the same to plaintiff, indorsed the note and assigned the mortgage in writing, which assignment was duly recorded. The answer did not controvert the execution of the note and mortgage and their indorsement and assignment to plaintiff, but pleaded payment and averred that Pettyjohn & Co. was agent of plaintiff to receive such payment, and further that plaintiff had, by a course of conduct which was set out, held Pettyjohn & Co. out as his agent and was thereby estopped to deny the same. The alleged agency and acts constituting estoppel were denied in a verified reply. When the case came on for trial the court properly held that the burden of proof was upon the defendants, and they introduced their evidence and rested. The plaintiff demurred to defendants' evidence. The court sustained the demurrer and rendered judgment for plaintiff. This was on September 15, 1922, at the September term of the court. No appeal has been taken from that judgment. On the next day the defendants filed a motion for a new trial upon all the statutory grounds. This motion was not ruled upon until May 3, 1923, when it was sustained generally. At that time, the September, 1922, term of court had expired, the January, 1923, term had convened and expired, and the May, 1923, term had convened (R. S. 20-1010).

The plaintiff appealed from the judgment and order of the court of May 3, 1923, sustaining defendants' motion for a new trial, and contends that the court had no jurisdiction at that time to sustain the motion. It is argued, that a demurrer to evidence does not raise a question of fact, but a question of law only; that when such a demurrer is sustained and judgment rendered a motion for a new trial is neither necessary nor proper; that the right of the defeated party is by appeal, and that the filing of a motion for a new trial by the defeated party does not give the court jurisdiction at a subsequent term of court to set aside the order sustaining the demurrer to the evidence and the judgment rendered thereon. This argument is well taken and is determinative of this appeal.

In passing upon a demurrer to the evidence the court does not

Schubach v. Hammer.

weigh the evidence, but determines as a question of law whether the evidence, considered in the aspect most favorable to the party offering it—and this is, of course, upon whom is the burden of proof, whether that be the plaintiff or the defendant—is sufficient to support a verdict or judgment. (*Wagner v. Railway Co.*, 73 Kan. 283, syl. ¶ 2; 85 Pac. 299; *White v. Railway Co.*, 74 Kan. 778, syl ¶ 2, 88 Pac. 54; *Sheets v. Henderson*, 77 Kan. 761, 93 Pac. 577; *Van Tuyl v. Morrow*, 77 Kan. 849, 92 Pac. 303; *Sarbach v. Deposit Co.*, 87 Kan. 774, 125 Pac. 63; *Moore v. Annuity Association*, 93 Kan. 398, 404, 148 Pac. 981; *Sheahan v. Kansas City*, 102 Kan. 252, syl. ¶ 1, 169 Pac. 957; *Sampson v. Vanderwilt*, 103 Kan. 199, 173 Pac. 297.)

It is the same kind of a question of law that arises upon a demurrer to a pleading, upon a motion for judgment upon the pleadings, or upon a motion for judgment upon the pleadings and the opening statement of counsel. (*Slimmer v. Rice*, 99 Kan. 99, 160 Pac. 984; *Berggren v. Johnson*, 105 Kan. 501, 504, 185 Pac. 291.) The same ruling applies when the facts are agreed to (*Nichols v. Trueman*, 80 Kan. 89, 101 Pac. 633), or are not disputed (*Bowen v. Wilson*, 93 Kan. 351, 144 Pac. 251). In none of these instances is a motion for a new trial either necessary or proper. The remedy of the defeated party is by appeal.

Perhaps it is illogical not to apply the same rule to an instructed verdict (*Darling v. Railway Co.*, 76 Kan. 893, 903, 93 Pac. 612), but that holding was upon an interpretation of the statute to the effect that an instructed verdict is nevertheless a verdict. But we do not have a directed verdict in this case.

A ruling on the demurrer to the evidence is an appealable order. (R. S. 60-3302.) Alleged error in a ruling upon a demurrer to the evidence is not available on an appeal taken only from a ruling upon a motion for a new trial. (*Ball v. Collins*, 100 Kan. 448, 165 Pac. 273.)

The district court, being a court of general jurisdiction, retains such control of its judgments during the term at which they are rendered as to be able to set them aside or modify them upon motion by a party to the action, and in some instances upon its own motion, for good cause shown or in the furtherance of justice.

In 34 C. J. 207, the rule is thus stated:

"A court has full control over its orders or judgments during the term at which they are made, and may, upon sufficient cause shown, in the exercise of its sound discretion, amend, correct, revise, supplement, open, or vacate such judgments. This was the rule at common law, and it prevails in almost

all jurisdictions." See, also, *Karr v. Moffett,* 105 Kan. 692, 694, 185 Pac. 890; *Beachy v. Jones,* 108 Kan. 236, syl. ¶ 4, 195 Pac. 184.

But this power does not extend beyond the term of the court at which the judgment sought to be set aside was rendered. Such power as the court has to set aside or modify judgments after the term in which they are rendered must be found in the statutes.

In 34 C. J. 210, 215, it is said:

"At common law, and in the absence of statute changing the rule, jurisdiction over the cause ceases with the expiration of the term at which final judgment was rendered, and thereafter the court has no power to correct or amend the judgment. . . . The only remedy after the term for irregular and erroneous, as distinguished from void, judgments is usually by new trial, review, writ of error, or appeal, as either may be appropriate and allowable by law, or by some other mode specially provided by statute." (See, also, *Johnson v. Jones,* 58 Kan. 745, 51 Pac. 224; *In re Beck,* 63 Kan. 57, 60, 64 Pac. 971; *Chapman v. Irrigation Co.,* 75 Kan. 765, 90 Pac. 284; *Lewis v. Woodrum,* 76 Kan. 384, syl. ¶ 3, 92 Pac. 306; *Schultz v. Stiner,* 97 Kan. 555, 155 Pac. 1073; *Welling v. Welling,* 100 Kan. 139, 163 Pac. 635; *Mulcahy v. City of Moline,* 101 Kan. 532, 171 Pac. 597.)

From what has been said it necessarily follows that the court had no power or authority to sustain the motion for a new trial at the May, 1923, term. This makes it unnecessary to consider other questions argued by counsel, as no conclusions we might reach concerning them would be of any force. The case will be reversed, with directions to the court below to set aside the order granting a new trial and to dismiss the motion therefor.