No. 26,266.

The First State Bank of Larned, *Appellee*, v. (Adelaide B. Arnold et al., *Appellees*) The Citizens State Bank of El Dorado, *Appellant*.

### SYLLABUS BY THE COURT.

Mortgages—*Foreclosure—Modification of Judgment*. When a judgment has been rendered in a foreclosure suit, and the real property sold thereunder and the sale confirmed, and thereafter at the same term of court at which the judgment was rendered a motion is made to modify the judgment to conform to the pleadings and proof, the judgment should be modified, if at all, in such respect only as not to prejudice seriously the uncontroverted rights of the parties.

Appeal from Pawnee district court; Roscoe H. Wilson, judge. Opinion filed April 11, 1925. Reversed.

*J. B. McKay*, of El Dorado, for the appellant.

*George W. Finney*, and *Roscoe E. Peterson*, both of Larned, for appellee The First State Bank of Larned; *F. Dumont Smith*, of Hutchinson, for appellees Adelaide B. Arnold and E. W. Arnold.

The opinion of the court was delivered by

Harvey, J.:    The First State Bank of Larned sued upon a promissory note executed by Adelaide B. Arnold and E. W. Arnold and to foreclose a mortgage executed by them upon certain real property.    The Citizens State Bank of El Dorado was made a party defendant and filed an answer admitting plaintiff's claim and lien, which answer contained a cross petition upon a note and mortgage on the same property executed to it by the Arnolds subsequent to the mortgage to plaintiff.    It also claimed to own the property under a contract between it and the Arnolds and a deed executed by the Arnolds and recorded in pursuance of the contract.    A copy of the contract was attached to the answer and cross petition.    It recites the indebtedness of the Arnolds to the Citizens State Bank, and that a mortgage had been given upon the real property to secure the indebtedness, and continues:

"Whereas, said mortgage is subject to prior encumbrances on said land in favor of the other persons, aggregating the sum of approximately $25,000, so that the value of the premises so mortgaged to the party of the second part is believed to be materially less than the amount of the aforesaid indebtedness due it; and,

"Whereas, the parties hereto desire to more adequately secure the party of the second part and to provide for the ultimate liquidation of the indebtedness due it aforesaid,

"Therefore, this agreement witnesseth: The parties of the first part (the Arnolds) shall, upon the execution hereof, convey to the party of the second part by warranty deed, subject only to the aforesaid encumbrances against the same, the real estate above described, and the party of the second part shall as soon thereafter as possible sell said real estate, subject to said prior encumbrances, upon the best terms possible, and shall credit the net amount received by it from such sale on the indebtedness due it from the party of the first part as aforesaid. Pending such sale, second party shall have the right to rent such premises, and shall credit the amount of all rental received by it on such indebtedness."

The contract contained other provisions which are not here material. The answer averred that a deed was executed, delivered and recorded in accordance with the contract, and continues:

"This defendant alleges that said deed was not taken in payment or as part payment of the indebtedness due it from the said A. B. Arnold and E. W. Arnold, but, as provided and set forth in the contract herein referred to, was taken in order to more adequately secure this defendant and to provide for the ultimate liquidation of the indebtedness due it as aforesaid, and that the mortgage of this defendant did not merge into the fee title conveyed to this defendant as aforesaid, and said deed did not operate to extinguish the indebtedness due this defendant from the said A. B. Arnold and E. W. Arnold in whole or in part."

The prayer was that it be adjudged and decreed that the Citizens State Bank is the owner of the real estate; that its mortgage did not merge into the fee title, and that this defendant be adjudged to be the owner of the equity of redemption and to be entitled to the rents and profits during the period of redemption.

The Arnolds, though served with summons, made no appearance. The case came regularly on for hearing March 26, 1924. A jury was waived and the case submitted to the court upon the pleadings. The court rendered judgment for the plaintiff for the amount due it and for the foreclosure of its mortgage. The court also found the amount due the Citizens State Bank from the Arnolds upon the note and mortgage set out in the cross petition, but did not specifically decree a foreclosure of that mortgage. As to the contract and deed given in pursuance thereof, the court found that the deed was not taken in payment or as part payment of the indebtedness due the defendant bank from the Arnolds, but was taken in order more adequately to secure the defendant bank and to provide for

the ultimate liquidation of the indebtedness due it, and that the mortgage of the bank did not merge into the fee title conveyed to the bank by the deed, and that the deed did not operate to extinguish the indebtedness due the defendant bank from the Arnolds in whole or in part. It was adjudged and decreed that the defendant bank is the owner of the real estate subject to the mortgages; that the indebtedness from the Arnolds to the defendant bank has not been paid or satisfied in whole or in part by the execution to the defendant bank of the deed; that the defendant bank is the owner of the equity of redemption in and to the real estate in question should the same be sold under the judgment and decree, and that defendant bank is entitled to all the rents, issues and profits of the real estate during the period of redemption, and that the defendant bank should have the right to redeem the real property from any sale thereof which might be made in the action in the manner provided by law for the redemption of real estate by the owner thereof.

Thereafter plaintiff caused an order of sale to be issued, and the real property was sold and bid in by the plaintiff for the amount of its lien and the taxes and costs, and this sale was confirmed by the court May 31, 1924.

On July 7, 1924, the defendants Adelaide B. Arnold and E. W. Arnold filed a motion referring to the contract between them and the defendant the Citizens State Bank and the execution of the deed in pursuance thereof, and the judgment and decree previously entered by the court, and moved the court to reform, amend and correct the judgment so as to speak the truth and conform to the pleading, by declaring the deed to be a mortgage and rendering judgment for the amount of their indebtedness and foreclosing the mortgage, and by restoring to them their equity of redemption to the real property. Upon notice duly given, this motion came on for hearing before the court in his chambers at Ness City on October 13, 1924, in which the Arnolds and the Citizens State Bank were represented by counsel. During the argument counsel for The Citizens State Bank orally requested the court to set aside the sale previously made if the judgment were reformed as prayed for by the Arnolds. The matter was taken under advisement by the court, and thereafter he notified all the parties to the action that he would on November 3 hold an adjourned day of the March, 1924, term of the court of Pawnee county, at which time he would pass upon the motion filed by the defendant Arnolds. At this hearing, though

notified, The Citizens State Bank was not represented, and the court then modified his judgment and decree of March 26, 1924, by—

"Finding that the deed and contract executed by the defendants Arnold and Arnold to The Citizens State Bank of El Dorado constitutes a mortgage and not a conveyance of the title, and further finding that the defendants Arnold and Arnold are the owners of the legal title to the real estate described in plaintiff's petition in the said action and entitled to all rights of redemption under the law, so that the same shall speak the truth and conform to the pleadings in the said action and the findings of the court."

Thereafter, on November 11, 1924, at the November, 1924, term of court, the defendant The Citizens State Bank of El Dorado filed a motion asking that the order made by the court on November 3, 1924, reforming the original judgment of March 26, 1924, be set aside and vacated and that the judgment of March 26, 1924, be restored to full force and effect, and further moves, in the event the order of November 3, 1924, be not set aside, that all of the judgment of March 26, 1924, be set aside and vacated, and all orders, judgments and decisions made in the action be set aside and vacated; that the sale and confirmation of the real property be set aside and vacated, and that the issues be made up and the case assigned for trial. This motion came on for hearing November 13 and was overruled. The Citizens State Bank of El Dorado has appealed from the order of the court of November 3, 1924, reforming its judgment of March 26, 1924, and has appealed from the order of the court of November 13, 1924, overruling and denying its motion. Referring to the motion filed November 11, 1924, and passed on November 13, this was filed at a term of court subsequent to the one at which the judgment had been entered. It was not a motion for new trial filed within three days after the judgment, hence the court's ruling denying that motion was proper. (*Schubach v. Hammer*, 117 Kan. 615, 617, 232 Pac. 1041.)

As to the motion filed by the Arnolds July 7, presented to the court in his chambers October 13 and decided by the court November 3, all of which was within the March, 1924, term of the court, the matter was within the jurisdiction of the court. The difficulty with the modified judgment is that it leaves appellant without either a lien upon or title to the real property in question, and appellant's position has been changed by reason of the sale of the real property and the confirmation thereof upon the judgment as originally rendered. Under the modified decree it is possible for the

Arnolds to redeem from the sheriff's sale without paying their debt to the Citizens State Bank, which is a lien upon the land by virtue both of the mortgage and of the deed executed by them to the bank. This is clearly an erroneous result.

In its modified order the court was correct in holding that the deed executed by the Arnolds to the Citizens State Bank was in fact a mortgage, for it is clear from the contract and the pleadings that it was given as security for the indebtedness of the Arnolds to the bank. In *Hoyt v. National Bank,* 115 Kan. 167, 172, 222 Pac. 127, it was said:

"The true test in determining whether or not the transaction between the parties constituted an absolute conveyance or a mortgage, is whether after the transaction there existed, by virtue thereof, the relation of debtor and creditor. It is well settled that an instrument in form of a deed or an absolute conveyance may, under certain circumstances, be shown to have been given only as security for the payment of a debt or the performance of some act, in which case the instrument is in reality a mortgage."

And there are many decisions of this court to the same effect. But in making the modified order the court should have protected the uncontroverted rights of the Citizens State Bank, as shown by the pleadings and as found by the court in its original judgment. This might have been accomplished by either of two methods: (1) by setting aside the sale of the real property and the confirmation thereof, as orally requested by the defendant bank; or (2) by decreeing the defendant bank to have a lien upon the real property, inferior to that of plaintiff, for the amount found due it from the Arnolds upon the note, mortgage and deed set out in cross petition, and fixing a reasonable time within which the defendant bank could redeem as a junior creditor. The plaintiff naturally objects to the first of these methods, for there is no controversy as to plaintiff's claim and lien. The whole controversy here is between defendants, and plaintiff's rights to pursue proper legal remedies for the collection of the sum due it should not be unnecessarily hampered by controversies between defendants with which the plaintiff has no concern. These may be ample reasons for the court to refuse to set aside the sale and confirmation. If so, then the second method suggested should be followed.

The judgment will be reversed with directions to the trial court to set aside or modify its order and judgment of November 3, 1924, in accordance with this opinion.