BLISS *v.* COLLIER.

1. TRUSTS—PURCHASER OF TRUST PROPERTY WITH NOTICE NOT A
   BONA FIDE PURCHASER.
   One who takes a conveyance of trust property with notice
   of the 'trust and with a fraudulent purpose to defeat it
   is not a good faith purchaser, but takes the property
   subject to the trust.[1]

2. SAME—CESTUI HAS CHOICE OF REMEDIES WHERE TRUST PROP-
   ERTY WRONGFULLY SOLD.
   Where a trustee has wrongfully sold trust property, the
   *cestui* has a choice of two remedies; he may repudiate
   the trust as to the property and hold the trustee per-
   sonally accountable for the breach, or he may ask a
   court of equity to subject the property to the trust.[2]

3. SAME—DECREE AGAINST TRUSTEE BEFORE SALE—ESTOPPEL.
   Where the *cestui* brought suit against the trustee for an
   accounting before a breach of the trust had occurred and
   was given a decree for a certain amount, he is not thereby
   estopped from seeking to impress a trust upon property
   thereafter received in exchange for the trust property,
   the title to which was fraudulently taken in the name
   of a third party, to the extent of his interest as fixed in
   said decree.[3]

4. SAME—RULE AS TO RATIFICATION OF WRONGFUL SALE NOT AP-
   PLICABLE WHERE NO SALE MADE.
   The rule that by taking a judgment against his trustee
   for the price of trust property wrongfully sold, a *cestui*
   thereby ratifies the sale and waives his right to pursue
   the purchaser is not applicable to this case for the reason
   that at the time the *cestui* took his decree against his
   trustee there had been no sale of the trust property.[4]

5. SAME—EXTENT OF TRUST—INTEREST.
   *Held*, that the *cestui* is limited as to the trust to be im-
   pressed upon said property to the amount allowed in the

---

[1]Trusts, 39 Cyc. pp. 548, 562; [2]Id., 39 Cyc. p. 533; [3]Id., 39
Cyc. p. 535; [4]Id., 39 Cyc. p. 535.
On effect of legal remedy to defeat equitable jurisdiction to
follow trust fund, see note in 6 L. R. A. (N. S.) 793.

decree in the suit against his trustee, including interest at the legal rate.[5]

Appeal from Macomb; Reid (Neil E.), J.    Submitted April 8, 1925.    (Docket No. 28.)    Decided October 1, 1925.

Bill by Frederick Bliss against Arthur Collier, administrator of the estate of Lawson Collier, deceased, and others to impress a trust upon land.    From the decree rendered, all parties appeal.    Modified and affirmed.

*Dwyer & Macpherson,* for plaintiff.

*Lynn M. Johnston* and *Louis B. Ver Wiebe,* for defendants.

McDONALD, C. J.    The purpose of this bill is for an accounting and to impress a trust on an 80-acre farm in the township of Shelby, Macomb county, Michigan.    On January 13, 1910, Frederick Bliss, the plaintiff, then an infant, was injured in an accident. A suit for damages followed in which his mother, Melvina Bliss, one of the defendants here, was his next friend.    Settlement of this suit was made by the payment of $2,000 to Melvina Bliss, which amount was reduced by lawful expenditures to the sum of $1,000, which she thereafter held for the use and benefit of the plaintiff and with his consent invested it in real estate in the city of Detroit.    The mother, Melvina Bliss, was a widow, and the plaintiff lived with her until his marriage.    In 1912, Lawson Collier came into the home.    He had been married twice and at that time had a wife living from whom he was not divorced.    He persuaded Mrs. Bliss to allow him to live with her in a relation that he termed a common-law marriage.    He quickly acquired an

[5]Trusts, 39 Cyc. p. 643.

influence over her which he used in manipulating the trust property for his benefit.    In November, 1916, he paid up some indebtedness on the Detroit property which. Melvina Bliss held on a contract, and secured a deed in which he and Melvina Bliss were the grantees.    In April, 1920, they traded this property for the farm in question, the title to which was taken in the name of Lawson Collier.    In August, 1918, the plaintiff began a suit in chancery in Wayne county against his mother for an accounting, for a discovery as to the trust fund and for a determination of the amount due to him.    Melvina Bliss, the defendant, filed an answer but did not appear at the hearing and the plaintiff was given a decree for $1,000. , In July, 1922, Lawson A. Collier died, and in November, 1922, this suit was begun for an accounting and to impress a trust on the farm.    All of the defendants except Melvina Bliss and the Mt. Clemens Savings Bank are heirs of Lawson A. Collier, deceased. After hearing the testimony the circuit judge denied an accounting against the estate because of the plaintiff's laches, but gave him a lien upon the farm for $1,000 subject to the mortgage of the Mt. Clemens Savings Bank.    From this decree both parties have appealed.

The plaintiff contends that notwithstanding the decree against his mother in the Wayne circuit, he is entitled to follow the trust fund into the Macomb county farm and to have an accounting as to Collier's dealings with that fund.    On their part the defendants claim that the plaintiff is not entitled to a lien on the farm for $1,000; that all of his rights were adjudicated in the suit against his mother; that having elected to sue her alone he cannot now in this action assert a claim involving the same matter against the Collier estate.

The testimony shows beyond question that Melvina

Bliss came into possession of $1,000 belonging to the plaintiff and that she invested it in various Detroit properties with his consent before and after he became of age, and that this fund through the manipulations of Lawson Collier was put into the Macomb farm, the title to which Collier took in his own name. Collier was not a good faith purchaser for value, but took the title with full notice of the trust estate and with the fraudulent purpose to defeat it. Under these circumstances he took the property subject to the trust. The *cestui* then had a choice of two remedies. He could repudiate the trust as to the property and hold the trustee personally accountable for the breach or he could pursue Collier and ask a court of equity to subject the property to the trust. He chose the latter remedy and began this suit. He was clearly entitled to this remedy unless estopped by the previous suit and decree against his mother, Melvina Bliss, in the Wayne circuit court. That suit was not against the trustee personally and was not instituted and maintained because of a breach of the trust. The bill asked for an accounting and for the location of the trust fund, the legal title to which at that time was still in the trustee. The court made an accounting and by its decree fixed the amount of the estate in the hands of the trustee but did not terminate the trust. In fact, it established the trust which under the pleadings was in dispute. So that when the property into which the trust fund had been invested was exchanged for the farm, this plaintiff was still the equitable owner of the fund and could rightfully insist that the farm be subject to a trust to the extent of his interest as fixed in the former decree against his mother. In so holding we have not overlooked the rule that by taking a judgment against his trustee for the price of trust property wrongfully sold, a *cestui que trust* thereby ratifies the sale and waives

his right to pursue the purchaser.     25 R. C. L. p. 1351; 39 Cyc. p. 535, note 10, and cases cited.

The reason for the rule is found in the fact that when there has been a breach of the trust by wrongful sale, the *cestui* has a choice of two remedies.     He may hold the trustee personally accountable or may pursue the fund in the hands of the purchaser.     If, with full knowledge of the facts, he elects to sue the trustee, he thereby ratifies the sale and waives his right to pursue the purchaser.     In the instant case, at the time the plaintiff began the former suit against his mother, there had been no sale of the trust property; there had been no misappropriation or breach of trust and the plaintiff had no action against Collier and no action against his mother, except for an accounting.     He had no choice of remedies and could not therefore make an election.     What he did at that time is not at all inconsistent with his action in beginning the present suit.     In our judgment he is not estopped from asserting his right to have a trust impressed upon the farm in question, but that by reason of the former decree it is limited to the amount therein allowed, including interest at the legal rate.

The question of laches is not involved and therefore not discussed.

The decree of the circuit court is modified as to the disallowance of interest.     In all other respects it is affirmed.     A decree will be entered in this court in accordance with this opinion.     The plaintiff will have costs.

BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred with MCDONALD, C. J.

WIEST, J. (*concurring*).     I concur in the opinion of the Chief Justice.

The trust fund has been traced, through its several

uses, to the farm in suit, and it is there invested, through the misappropriation of the trustee and participation in such breach of trust and wrongful use by the grantee of the farm. The fund in the hands of plaintiff's mother was impressed with a trust and such character still attached to it when employed for the benefit of the grantee of the farm, for he knew it was a trust fund. When this fund was misappropriated plaintiff had remedies open to his use; he could sue the trustee, or pursue the fund, if able to trace and identify it. The suit, ending in a money decree, does not bar this suit in pursuit of the fund. A suit to recover the fund, and a suit in pursuit of the fund, are concurrent remedies and the election of one does not preclude resort to the other. *Pierce* v. *Holzer*, 65 Mich. 263, 273; *Matthews* v. *Forslund*, 112 Mich. 591. The decree in the first case determined plaintiff's right to the fund, and this in no sense ratified the misappropriation or precluded the bringing of this suit to trace, identify and pursue the fund and have Lawson Collier declared a trustee *ex maleficio* for the plaintiff.

Plaintiff has a right to follow the trust fund to its last transformation and to the hands of one linked in fraud with the misappropriation by the trustee.

"It is well settled that when property held upon any trust to keep, use, disburse, or invest in a particular way, or to or for particular persons, is misapplied by the trustee, and converted into different property, or is sold and the proceeds are thus misapplied, the property can be followed wherever it can be traced through its transformations, and will be subject when found in its new form to the rights of the original owner or *cestui que trust*." *Pierce* v. *Holzer*, *supra*.

See, also, *Massachusetts Bonding & Ins. Co.* v. *Josselyn*, 224 Mich. 159, 162.

CLARK, J., concurred with WIEST, J.