No. 26,782.

Rena Golden, *Appellant,* v. Southwestern Utilities Corporation, *Appellee.*

SYLLABUS BY THE COURT.

1. Negligence—*Persons Liable—Person in Control—Demurrer to Evidence.* In an action for damages for personal injury, the sole defendant was a corporation which did not employ, direct the work of, nor have any control over, the persons charged with the negligence which formed the basis of the action. *Held,* the court properly sustained a demurrer to the evidence.

2. Agency—*Creation and Existence of Relation—Corporate Vendee of Gas at Well.* A corporation owned an ordinary oil and gas lease on land upon which it had drilled gas-producing wells. It sold the gas at the wells to another corporation, which laid pipe lines and conveyed and marketed the gas. *Held,* the corporation last named was not the agent of the corporation first named for the purpose of laying the pipe lines and transporting the gas.

3. Appeal and Error—*Direct Appeal—Demurrer Sustained to Evidence.* The ruling of a trial court in sustaining a demurrer to the evidence is a ruling

Agency, 2 C. J. p. 954 n. 83. Appeal and Error, 3 C. J. p. 979 n. 52; 4 C. J. pp. 648 n. 21, 839 n. 25. Judgments, 34 C. J. pp. 250 n. 34, 365 n. 67; 10 A. L. R. 556; 15 R. C. L. 688, 720. Master and Servant, 39 C. J. pp. 1268 n. 45, 1269 n. 50. Sales, 35 Cyc. p. 27 n. 12.

upon a question of law, and a motion for a new trial, under the statute, is neither necessary nor proper (following *Schubach v. Hammer,* 117 Kan. 615, 232 Pac. 1041, and cases there cited).

4. JUDGMENTS—*Setting Aside or Modifying During Term—Judicial Discretion.* Independent of statute, a trial court, in the exercise of its ordinary judicial functions may, at any time during the term of court at which a judgment is rendered, entertain a motion, addressed to its sound judicial discretion, to set aside or modify the judgment rendered. In passing upon the ruling of a trial court upon such motion this court simply determines whether the trial court abused its discretion.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed November 6, 1926. Affirmed.

*Charles D. Shukers,* of Independence, and *R. O. Robbins,* of Sedan, for the appellant.

*W. N. Banks, O. L. O'Brien, Walter McVey* and *Donald W. Stewart,* all of Independence, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injury. The trial court sustained a demurrer to plaintiff's evidence. Plaintiff filed a motion for a new trial, which was overruled. Plaintiff has appealed both from the order sustaining the demurrer and the order overruling her motion for a new trial. The defendant, the Southwestern Utilities Corporation, of Delaware, owned ordinary oil and gas leases on land owned by the plaintiff and on adjoining land owned by another. It had caused to be drilled wells which were producing gas upon each of the tracts of land. The gas produced by it was sold at the wells to the Southwestern Gas Company, a corporation. This company laid pipe lines from the several wells upon the leases above mentioned, through which it conveyed the gas to market. On the day in question, servants and employees of the Southwestern Gas Company were excavating on one of the leases above mentioned for the purpose of laying a pipe line to one of the gas wells, and in doing so were blasting rock with dynamite. Plaintiff and her son, driving one horse to a buggy, were passing along a road through her land on their way to town. They were about one hundred yards from the place where the blasting was being done when the dynamite was exploded. Plaintiff's horse was frightened at the sound of the explosion and broke loose from the buggy. Plaintiff was either thrown from or jumped from the buggy and sustained injuries which form the basis of the action. The negligence complained of was that the workmen did not give warning that the

dynamite was about to be exploded. The trial court sustained the demurrer, for the reason, among others, that the evidence showed no negligence on the part of the Southwestern Utilities Corporation, of Delaware, the sole defendant in the case. The first question before us is, was that ruling correct? We must hold that it was. The defendant in this case had nothing to do with the laying of the pipe line, nor with the blasting. The persons performing that work were not servants or employees of defendant. Appellant argues that inasmuch as defendant had the lease upon the premises it was liable for the negligence of any other person, firm or corporation it permitted to come upon the premises to do anything which might be done under the lease. With this contention we cannot agree. Certainly if the owner of the lease contracted with a well driller to drill a well by the foot, or upon any other terms, the lessee would not be liable for the negligence of the employees of such driller.

The evidence disclosed that the Southwestern Utilities Corporation, of Delaware, owned 70 per cent of the capital stock of the Southwestern Gas Company; that one of the officers of the Southwestern Utilities Corporation was an officer of the Southwestern Gas Company; that the main office in Kansas of the Southwestern Utilities Corporation was in the same building and on the same floor with the main offices of the Southwestern Gas Company; that the Southwestern Utilities Corporation sold the gas it produced from the wells on leases held or operated by it at the wells to the Southwestern Gas Company; that the Southwestern Gas Company piped and marketed the gas, and after paying all expenses of conducting its business, paid 70 per cent of its net profits to the Southwestern Utilities Corporation. From these facts it was argued by appellant that the Southwestern Gas Company was simply the distributing agent of the Southwestern Utilities Corporation, and that this relationship made the Southwestern Utilities Corporation responsible for negligence of the servants and employees of the Southwestern Gas Company. In support of this *Pottorff v. Mining Co.*, 86 Kan. 774, 122 Pac. 120, is cited. That case does not sustain appellant's position. Here the Southwestern Utilities Corporation had no authority, under the evidence, to direct and control the time, manner or means of executing the work then being done. It did not employ, pay or discharge the workmen. They were not employees or servants of the Southwestern Utilities Corporation. Appellant also cites *State, ex rel., v. Flannelly*, 96 Kan. 372, 154 Pac. 235, and *State, ex rel., v. Litchfield*, 97 Kan. 592, 155 Pac. 714, in support of

an argument that the Southwestern Gas Company was the agent for the purpose of distributing gas of the Southwestern Utilities Corporation, but in those cases the producing company did not part with title to the gas at the wells, as is the case here. In the case before us the Southwestern Utilities Corporation sold the gas at the wells and was paid for it on the measurement there made. It was no longer the owner of the gas, and the Southwestern Gas Company, conveying and marketing the gas, was acting for itself and not for the Southwestern Utilities Corporation. Appellant points out that because of its ownership of a part of the capital stock of the Southwestern Gas Company, the Southwestern Utilities Corporation had certain rights in selecting directors and other officers of the Southwestern Gas Company, and received 70 per cent of its net profits; but these are no more than the rights of a stockholder in any corporation. This conclusion makes it unnecessary for us to determine another interesting question in the case, and that is whether any negligence on the part of the employees of the Southwestern Gas Company was shown.

After the court sustained a demurrer to plaintiff's evidence she filed a motion for a new trial. It has been previously determined in this court that the ruling of a trial court upon a demurrer to the evidence is a ruling upon a question of law, and that a motion for a new trial, under the statute, is neither necessary nor proper (*Schubach v. Hammer*, 117 Kan. 615, 232 Pac. 1041); but since a court, exercising its ordinary judicial functions, independent of statute, may at any time during the term at which a judgment is rendered sustain a motion addressed to his judicial discretion to set aside or modify the judgment rendered, it was proper for the court to consider the motion in that light. In reviewing the ruling of the court on such a motion, we determine only whether the court abused its discretion in overruling the motion. Upon the hearing of this motion, plaintiff offered record evidence tending to show the relations between the Southwestern Utilities Corporation, of Delaware, and the Southwestern Gas Company. This evidence upon that question added but little to the testimony received at the trial. The showing, if anything, emphasizes the separate functions of the two companies and furnishes no reason for holding that the trial court abused its discretion in overruling the motion.

Finding no error in the record, the judgment of the court below is affirmed.