## The Mutual Life Insurance Company of New York v. Scott et al.

*James P. Harris*, for plaintiff.
*John Hibbard*, for defendant.
*Neil Chrisman*, for intervening defendant.

VALENTINE, J., January 17, 1935.—On January 21, 1929, plaintiff, The Mutual Life Insurance Company of New York, issued two policies of insurance upon the life of Stanley Scott, one in the sum of $10,000 and the other

in the sum of $15,000. In each policy Mary Scott, wife of the insured, was named as beneficiary. The insured died on August 26, 1933, and the representatives of Luzerne County, the Township of Newport and Newport Township School District notified the plaintiff company that each claimed an interest in said policies.

Stanley Scott was tax collector of the Township of Newport from 1926 to 1929 inclusive. As such collector it was his duty to collect the taxes for the Township of Newport, Newport Township School District and the County of Luzerne. The claims of the various municipalities are based upon the allegation that the premiums on said two policies of insurance were paid by funds embezzled by Scott as tax collector.

On May 25, 1934, the court, Coughlin, J., entered a decree directing that the defendants, Mary Scott, the County of Luzerne, the Township of Newport and the Newport Township School District, interplead and frame an issue in the Court of Common Pleas of Luzerne County, wherein said Mary Scott should be the plaintiff and the County of Luzerne, the Township of Newport and Newport Township School District, the defendants, in order to determine their respective rights in the proceeds of said two insurance policies. The decree authorized and directed the plaintiff company to pay into court the sum admitted by it to be due on account of said policies; and pursuant to this decree, the plaintiff paid into court the sum of $28,550.63, together with accrued interest.

On October 4, 1934, Mary Scott presented her petition averring that the County of Luzerne had instituted suit in assumpsit to no. 920, July term, 1932, upon the bond given by Stanley Scott as tax collector and, on May 15, 1934, recovered judgment against her as administratrix of her deceased husband's estate and the sureties upon said bond in the sum of $15,206.66. She further averred that the Township of Newport had instituted suit in assumpsit to no. 2489, October term, 1932, against her hus-

band and the sureties upon his bond to recover the sum of $8,229.57.

Pursuant to her application, a rule was granted on the County of Luzerne and the Township of Newport to show cause why their bringing such actions should not be binding on them as an election to pursue the remedies by suit in the court of common pleas rather than by attempting to collect the amount claimed from the proceeds of the insurance policies, and this rule is now before us for disposition.

We know of no authority which permits the procedure here adopted, nor have we been referred to any. All parties in interest agreed to the decree of Judge Coughlin which directed that the various claimants interplead in order that the ownership of the funds from the insurance policies might be determined. All questions of law, including the one now sought to be raised, can properly be raised and determined upon the trial of that issue. We think it gravely doubtful whether the doctrine of election of remedies has any application to the present situation.

In Sarbach, Admx., v. The Fidelity & Deposit Co. of Md., 87 Kan. 774, 125 Pac. 63, it was held that a creditor seeking to recover a fund alleged to have been misappropriated by its agent could simultaneously, in separate actions, proceed against the estate of the misappropriator and the other parties alleged to have participated in the misuse of the fund. See also Bliss v. Collier, 232 Mich. 221, 205 N. W. 81; August v. Fourth National Bank of New York, 1 N. Y. Supp. 139.

The action at law was instituted against the sureties on the tax collector's bond. The municipalities now seek to follow the funds which it is alleged Scott embezzled.

We incline to the opinion that the two remedies are to be regarded as concurrent. Moreover, there is no proof that, at the time of the institution of the suits by Luzerne County and Newport Township, the county and township officials knew, or had cause to know, that the premiums on the policies issued by the plaintiff company upon the

life of Stanley Scott had been paid with funds embezzled by him as tax collector, and there could be no waiver of the right of said municipalities to claim an interest in said policies without full knowledge of all the facts.

The term election implies an intelligent and intentional choice; and, when the first remedy is availed of in ignorance of the existence of the others, no binding election results: Gardner v. Gauthier et ux., 101 Vt. 147, 141 . Atl. 682.