J. F. WAGNER v. THE ATCHISON, TOPEKA & SANTA
FE RAILWAY COMPANY.

No. 14,534.    (85 Pac. 299.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Review of Judgment on Pleadings
and Opening Statement.* It is not necessary to file a motion
for a new trial before bringing to this court for review a de-
cision granting a motion for judgment upon the pleadings and
the opening statement of counsel and sustaining an objection
to the introduction of any evidence in the case.

2. ———— *Cases Disapproved.* The case of *Gruble v. Ryus,* 23
Kan. 195, and other cases holding that a motion for a new
trial is a prerequisite to a review of a decision sustaining a
demurrer to evidence disapproved.

Error from Kingman district court; PRESTON B.
GILLETT, judge. Opinion filed March 10, 1906. Dis-
missed.

*C. W. Fairchild,* for plaintiff in error.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,*
for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The defendant in error moves to dismiss
this proceeding for want of a lawful case-made. When
the cause came on for trial in the district court a jury
were impaneled and sworn, and the plaintiff made a
statement of his case and of the evidence by which he
expected to sustain it. The defendant moved for judg-
ment in its favor upon the pleadings and the plaintiff's
statement. The plaintiff then asked and obtained leave
to amend his reply. The amendment having been made,
the defendant renewed its motion for judgment, and
objected to the introduction of any testimony in the
case. The motion and objection were both sustained,
and judgment was rendered against the plaintiff for
costs. On the same day a motion for a new trial
was filed, which was denied some thirty days later.

When the motion for a new trial was disposed of an order was made extending the time for making and serving a case-made. If no motion for a new trial was necessary the filing of such a motion did not enlarge the time within which an extension could be granted, and jurisdiction to make the order referred to was lost. (*Atkins v. Nordyke,* 60 Kan. 354, 56 Pac. 533.) Section 306 of the code of civil procedure (Gen. Stat. 1901, § 4754) contains the following provisions:

"A new trial is a reexamination in the same court, of an issue of fact, after a verdict by a jury, report of a referee, or a decision by the court. The former verdict, report or decision shall be vacated, and a new trial granted on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party."

From this language it is plain that a motion for a new trial has no function to perform unless an issue of fact has been fully determined and the determination has been embodied in one of three specified forms. Not only must there have been a trial, a judicial examination of the issues of fact, but those issues must have been definitely settled by the verdict of a jury or its equivalent, final and conclusive upon the facts unless vacated. Until that stage of the proceedings in an action has been reached the condition precedent to the filing of a motion for a new trial does not arise; the single circumstance capable of creating a field for its operation has not occurred; the only subject-matter vulnerable to its attack does not exist.

There is no such thing as a new trial of issues of law. Questions relating to the determination of those issues may be investigated by this court without previous reexamination by the trial court. Whenever there has been a trial and a verdict or report or decision on the facts, only those errors of law occurring at the trial which inhere in and vitiate the conclusion of fact need be called to the attention of the trial court by a motion for a new trial. If the facts have been agreed to, or

if issues upon the facts have been eliminated, or if, for any reason, the controversy so shape itself that its determination depends upon a question of law, and the normal end of a trial of an issue of fact—a verdict, if tried by a jury, a report, if tried by a referee, a decision, if tried by the court—is not reached, there is no occasion to use a motion for a new trial. If it be claimed that error of law has been committed so that the proceeding has fallen short of a verdict, report or decision upon the facts, the aggrieved party may ask this court to secure to him, not a new trial, but a trial in the complete sense of the term; not a reexamination of the issues of fact, but an initial examination of the issues of fact, which shall be continued until it reach the point of actual consummation for such proceedings. There must always be a "former" verdict, report or decision determinative of issues of fact to be vacated before there can be a new trial, or any necessity for a motion for a new trial.

When judgment is rendered on the pleadings there can be no trial of the issues of fact, no verdict, and no motion for a new trial is required. (*Land Co. v. Muret,* 57 Kan. 192, 45 Pac. 589.) When an objection to the introduction of evidence under the pleadings is sustained there can be no investigation, much less determination, of the issues of fact, and a motion for a new trial is not necessary. (*Water-supply Co. v. Dodge City,* 55 Kan. 60, 39 Pac. 219.) If in stating his case to the jury a party assert or admit some fact which leads his opponent to move at once for judgment or to object to the introduction of evidence, the question for determination is one of law precisely the same as if the fact had been pleaded. The purpose of the motion is to obviate calling the witnesses and proceeding with the examination of the issues of fact, if any remain, and if the motion be allowed there can be no verdict or decision on the issues of fact. Therefore no motion for a new trial is needed in such cases, and

the party aggrieved may proceed at once to take the preliminary steps essential to a review of the decision by this court. (*Ritchie v. K. N. & D. Rly. Co.,* 55 Kan. 36, 48-50, 39 Pac. 718.)

It must be conceded that the cases of *Gruble v. Ryus,* 23 Kan. 195, *Norris v. Evans,* 39 Kan. 668, 18 Pac. 818, *Lott v. K. C. Ft. S. & G. Rld. Co.,* 42 Kan. 293, 21 Pac. 1070, and others, holding that if a demurrer to evidence be sustained a motion for a new trial is necessary to sustain a proceeding in error here, are opposed in principle to this decision. The opinion in *Gruble v. Ryus, supra,* takes into consideration nothing except the fact that error of law occurring at the trial is ground for a new trial. It entirely overlooks the provision of the statute deferring a motion for a new trial in all cases until after a verdict, or its equivalent, has been returned. A demurrer to evidence raises nothing but a question of law, and it is impossible for its decision to be a decision of the issues of fact. If sustained, it not only leaves the issues of fact undetermined, but it deprives the party against whose evidence it is directed of any opportunity of having them determined by a verdict, report or decision; and it is only "after" a verdict, report or decision which, unless vacated, settles all controversy with reference to the issues of fact that a motion for the reexamination and settlement anew of those issues is in order. The suggestion in *Gruble v. Ryus* that an improper exclusion of evidence may have induced the ruling sustaining the demurrer to the evidence does not change the procedure which the statute plainly establishes. Both errors may be presented to this court without a preliminary motion for a new trial in the district court, because the abortive trial did not progress to a verdict, report or decision on the issues of fact.

The cases which follow *Gruble v. Ryus* as an authority do not discuss the question involved. Although

they cannot be overruled in this proceeding, they appear to be contrary to the spirit of the statute and are incompatible with the present views of the court. The motion to dismiss is allowed.

All the Justices concurring.