No. 19,730.

THE GERMAN AMERICAN STATE BANK, *Appellant,* v. H. C. GOODRICH, *Appellee.*

### SYLLABUS BY THE COURT.

NEW TRIAL — *After Directed Verdict — Judicial Discretion.* An order granting a new trial, after a directed verdict has been returned against the party having the burden of proof, will not be reversed where for anything shown in the record it may have been induced by a belief of the trial court that the failure to make a *prima facie* case was excusable and capable of remedy.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed December 11, 1915. Affirmed.

*Edwin D. McKeever,* of Topeka, and *T. A. Moxcey,* of Atchison, for the appellant.

*J. J. Schenck, Z. T. Hazen, R. H. Gaw,* all of Topeka, and *Walter E. Brown,* of Atchison, for the appellee.

The opinion of the court was delivered by

MASON, J.: The German American State Bank sued H. C. Goodrich upon a promissory note. An answer and reply were filed. The burden of proof was held to rest upon the defendant. At the conclusion of his evidence the court directed a verdict for the plaintiff, upon which judgment was rendered. The defendant filed a motion for a new trial, which was granted. The plaintiff appeals.

The plaintiff argues with much apparent force that the evidence introduced, if given its widest scope and most liberal interpretation, does not tend to establish a defense. The defendant does not undertake to meet this argument upon the merits, but insists that the granting of a new trial was within the discretion of the trial court, and can not be reviewed here.

The motion for a new trial set out four grounds: (1) abuse of discretion of the court, misconduct of the plaintiff, accident and surprise; (2) erroneous trial rulings; (3) that the verdict was contrary to the evidence; and (4) newly discovered evidence. The fourth ground may be disregarded since no affidavits were filed, as required by the code. (Civ. Code, § 307.) No proceedings are pointed out to which the first and second may apply, and none are apparent from the record brought here. If the evidence had presented an issue of fact, on which the case had been submitted to the jury, the power of the trial court to grant a new trial on the third ground could not be doubted, since without its approval the verdict would not support a judgment. (*K. C. W. & N. W. Rld. Co. v. Ryan*, 49 Kan. 1, 12, 30 Pac. 108.) But the peremptory instruction to return a verdict had substantially the same effect as sustaining a demurrer to the evidence, and a plausible argument is made that the ruling turned upon a naked question of law and is subject to review. The practice with respect to the two rulings, however, is not precisely similar. It has been held that while a motion for a new trial is not a prerequisite to an appeal from an order sustaining a demurrer to evidence (*Wagner v. Railway Co.*, 73 Kan. 283, 85 Pac. 299), a different rule prevails upon a directed verdict for the defendant (*Darling v. Railway Co.*, 76 Kan. 893, 93 Pac. 612). If we were sure that the trial court granted the new trial because

upon further consideration it had reached the conclusion that the evidence introduced tended to establish a defense, the ruling, being based purely upon a question of law, could be reviewed. But the record is silent as to why the order was made. Assuming that the answer stated a defense (and as to that matter we express no opinion whatever, the question not having been passed upon by the trial court, nor argued here) the court may have been of the opinion that although the defendant had failed to make a *prima facie* case in its support, the failure, even if not due to any erroneous ruling against him, was for some reason excusable, and that justice would be promoted by allowing him another opportunity to introduce evidence. "New trials ought to be granted whenever in the opinion of the trial court the party asking for the new trial . . . has not in all probability obtained or received substantial justice, although it might be difficult for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the supreme court could understand them as well as the trial court and the parties themselves understood them." (*City of Sedan v. Church,* 29 Kan. 190, 191.) If a defense really exists a reversal of the order granting a new trial would give the plaintiff a judgment to which it was entitled only by reason of some mistake of the defendant; if none exists the plaintiff suffers nothing by an affirmance beyond the delay occasioned by the granting of the new trial and the taking of the appeal.

The judgment is affirmed.

MARSHALL, J., not sitting.