Hawks v. Railway Co.

No. 20,839.

S. S. HAWKS, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA
FE RAILWAY COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

DAMAGES—*Verdict for Defendant—Order Granting a New Trial Af-
firmed.* Where a new trial is granted after a verdict for the defend-
ant, this court will not ordinarily undertake, upon an appeal from
such order, to determine whether the plaintiff failed to make a *prima
facie* case, inasmuch as the trial court may have thought a new trial
advisable even if that were true, regarding the failure as excusable
and remediable.

Appeal from Sedgwick district court, division No. 1;
THOMAS C. WILSON, judge. Opinion filed May 12, 1917. Af-
firmed.

*William R. Smith, Owen J. Wood, Alfred A. Scott*, and
*Harlow Hurley*, all of Topeka, for the appellant.

*George W. Adams, S. S. Hawks*, and *T. V. McCluggage*, all
of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: S. S. Hawks brought an action against the
Atchison, Topeka & Santa Fe Railway Company for damages
for the obstruction of an alley back of his residence, in which
it had laid its track. A verdict was returned in favor of the
defendant, but the court set it aside and granted a new trial.
An appeal is taken from such order.

The trial judge was requested by the defendant to state
the grounds upon which the ruling was based, and responded
by enumerating practically all the reasons set out in the
motion, which embraced most of those recognized by the stat-
ute, and added—"The court may possibly think of some others,
but not at the present time." The situation is therefore sub-
stantially the same as though no reason whatever had been
assigned for the decision. The appellant recognizes the rule
that the trial court has a wide discretion in the matter of grant-
ing a new trial, but insists that here the ruling should be

34—100 KAN.

reversed because as a matter of law a verdict in its favor was required in any view of the evidence. A reversal of such an order has sometimes been had on that ground. (*Sovereign Camp v. Thiebaud,* 65 Kan. 332, 69 Pac. 348.) Here the substance of the appellant's claim is that the plaintiff's evidence had no tendency to make out a case. A demurrer to his evidence was filed and overruled, but no appeal was attempted from that order. A ruling which would in itself support an independent appeal may sometimes be inquired into in a proceeding brought to reverse the final judgment (*White v. Railway Co.,* 74 Kan. 778, 782, 88 Pac. 54), but an appeal from an order granting a new trial does not involve a review of the overruling of a demurrer to the evidence (*Ball v. Collins,* ante, p. 448, decided at this sitting). Even if this court upon an examination into the matter should be of the opinion that the plaintiff had failed to make out a *prima facie* case, the granting of the new trial might be permitted to stand on the ground that the trial court may have believed that "the failure, even if not due to any erroneous ruling against him, was for some reason excusable, and that justice would be promoted by allowing him another opportunity to introduce evidence." (*Bank v. Goodrich,* 96 Kan. 719, 721, 153 Pac. 541.) It is true that questions of law, which will have to be settled before the rights of the parties can be finally determined, have been argued in this proceeding, but in order for this court to pass upon them they must be presented upon an appeal by which they are directly raised. The present appeal is merely an effort by the defendant to retain the benefit of the verdict that was rendered; but if its theory of the law is correct there was no issue to be submitted to the jury, and its legal rights can not be seriously prejudiced by the setting aside of a verdict returned under such circumstances.

The order granting a new trial is affirmed.