No. 24,830.

The Home State Bank of McPherson, *Appellant,* v. J. L. McBride et al., *Appellees.*

SYLLABUS BY THE COURT.

Appeal—*Rejected Evidence—Conversation with Person Since Deceased—Not Presented So as to Be Reviewable.* It is held that rulings rejecting evidence of conversations had with a person since deceased are not so presented as to be reviewable, no proof or specific statement having been made in the trial court as to what the testimony would have been.

Appeal from McPherson district court; William G. Fairchild, judge. Opinion filed January 12, 1924. Affirmed.

*Alex S. Hendry,* and *F. O. Johnson,* both of McPherson, for the appellant.
*J. A. Cassler,* of McPherson, for the appellees.

The opinion of the court was delivered by

Mason, J.: Mrs. Mary J. Bonifield died February 1, 1920, while holding the title to a farm. She left a will, which was probated, leaving all her property to her son, John L. McBride, and his children. The Home State Bank of McPherson brings this action against McBride and others seeking to establish a lien upon the farm as security for an indebtedness evidenced by two notes executed by him to the bank January 1, 1921. A demurrer to the plaintiff's evidence was sustained, and it appeals, assigning as error that ruling and also the rejection of evidence which it offered and the overruling of a motion for a new trial.

McBride was adjudged a bankrupt January 27, 1922, but an order was made authorizing the bank to maintain in the state court proceedings to hold the land — McBride's homestead — as security for its claim. The theory on which the bank asserts a right to a lien is that the notes referred to are renewals of others executed by McBride for money lent for improvements on the farm, which was used for that purpose; that it was borrowed by McBride as agent for his mother under an arrangement that she was to execute a mortgage on the land. Without the evidence offered by

the plaintiff a *prima facie* case in favor of the lien was not made. The excluded testimony was that of the cashier and assistant cashier of the bank concerning conversations they had had with McBride's mother, and was excluded in part at least as coming within the statutory rule concerning transactions had with persons since deceased. (Civ. Code, § 320; R. S. 60-2804.) Originally the disqualification was extended only to parties. In 1911 the word "person" was substituted for "party" where it first occurs in the section. This change has been held not to disqualify as a witness one who is not a party but has an indirect interest in the result. (*Collins v. Hayden*, 104 Kan. 351, 179 Pac. 308.) Whether an officer of a corporation actively engaged in conducting its business may testify in its behalf concerning a transaction between the bank, as represented by him, and a person since deceased, under which the adverse party claims, need not be determined because the trial court was not shown what the plaintiff could have proved if the proffered evidence had been admitted.

A motion for a new trial was filed and overruled, but at its hearing no evidence was produced, by affidavit or otherwise, of the facts the plaintiff's witnesses would have testified to, as required by the civil code. (§ 307; R. S. 60-3004.) It has been said that where a demurrer to the plaintiff's evidence is sustained rulings rejecting evidence offered by him may be reviewed without a motion for a new trial. (*Wagner v. Railway Co.*, 73 Kan. 283, 286, 85 Pac. 299.) Whether or not a motion for a new trial was necessary to support an appeal from the rulings complained of, one was filed and considered and an opportunity was thereby afforded to advise the court of the force of the excluded evidence. Moreover, under the present code it is incumbent upon the appellant to show affirmatively that the decision appealed from was not only erroneous but prejudicial. (Civ. Code, § 581; R. S. 60-3317.) No statement was made, sworn or unsworn, of the specific facts sought to be elicited from the witnesses. The plaintiff's attorney did say that it was his purpose to establish the agency of McBride for his mother by conversations had between her and an officer of the bank, but what statements on her part were claimed to have been made were not further indicated in any way. In this situation the question of the admissibility of the evidence is not so presented as to require decision.

The judgment is affirmed.