Blomberg v. State Bank.

---

No. 25,741.

H. C. BLOMBERG, *Appellant,* v. THE STATE BANK OF OGDEN, *Appellee.*

SYLLABUS BY THE COURT.

1. NEW TRIAL—*Vacation of Original Verdict—Necessity.* A verdict which is determinative of the issues of fact submitted in a trial must be vacated before there can be another trial.

2. APPEAL AND ERROR—*Review—Necessity of Motion for New Trial.* And where there has been a trial and verdict, alleged errors growing out of the trial which inhere in and vitiate the conclusion arrived at must be presented to the trial court by motion for new trial before being available for review.

Appeal from Riley district court; FRED R. SMITH, judge. Opinion on rehearing reversing former opinion filed December 5, 1925. (For original opinion of reversal see 118 Kan. 688.)

*James V. Humphrey* and *Arthur S. Humphrey,* both of Junction City, for the appellant.

*Hal E. Harlan* and *A. M. Johnston,* both of Manhattan, for the appellee.

---

1. New Trial, 29 Cyc. p. 753.   2. Appeal and Error, 3 C. J. § 849; 2 R. C. L. 98.

The opinion of the court was delivered by

HOPKINS, J.: Plaintiff sued to recover for the loss of bonds left with the defendant for safe-keeping. Judgment rendered for the defendant on the trial was reversed. (118 Kan. 688.) On application a rehearing was granted and the cause again submitted. The sole question presented on the last submission was whether the action of the trial court in rendering its judgment was such as to require the filing, consideration and disposal of a motion for new trial in order that the questions involved in the appeal be open to review.

When the case was first submitted this court adopted the plaintiff's view that the trial court had distinguished and dealt separately with the two claims involved as though they were two causes of action and had sustained a demurrer to plaintiff's evidence on one claim and directed a verdict on the other. We expressed the opinion that a motion for a new trial was not necessary because the trial court had decided, as upon demurrer, that plaintiff's evidence was insufficient to prove a cause of action. On further consideration we conclude that, while the court meant to decide the controverted question as one of law, it was in fact embodied in the verdict. The record shows that a demurrer to plaintiff's evidence was considered by the trial court and overruled; that the defendant thereupon introduced its evidence; that the parties agreed that in any event the sum of $1,500 was due plaintiff from the defendant on account of the proceeds collected by the defendant on an insurance policy; that thereupon the court sustained a motion by defendant and directed a verdict for the plaintiff for the $1,500. Pertinent parts of the journal entry read:

"Plaintiff introduces his evidence and rests. Wherefore defendant demurs to said evidence on the ground that plaintiff's evidence is insufficient to prove a cause of action against defendant; which demurrer after argument and due consideration is by the court overruled; thereupon said defendant introduces its evidence and rests. Thereupon defendant moves the court to peremptorily instruct the jury to return a verdict in favor of plaintiff and against defendant in the sum of fifteen hundred dollars ($1,500), which sum the parties hereto agree is the sum due plaintiff from defendant from the proceeds collected from the insurance policy introduced in evidence covering loss of property owned by said bank and securities belonging to defendant's customers held by the bank for safekeeping, on the basis of the distribution of said insurance proceeds *pro rata* according to their respective amounts among the bank and its cus-

tomers. Thereupon, after argument of counsel and due consideration, the court allows said motion, to which ruling plaintiff excepts. The court finds that plaintiff is entitled to his *pro rata* share of the said insurance proceeds collected by defendant as aforesaid, the same amounting, by agreement of the parties, to $1,500, but the court finds that the evidence of the plaintiff is insufficient to prove a cause of action in favor of plaintiff and against defendant on the claims set forth in plaintiff's petition, other than for said portion of said insurance proceeds. Thereupon the court proceeds to instruct the jury peremptorily to bring in a verdict accordingly; and pursuant to said instruction the following verdict was signed by the foreman of the jury and duly returned, to-wit: (verdict in due form for $1,500).

"Plaintiff requested the court to submit to the jury, under appropriate instructions, the issues presented by the pleadings involving the remainder of plaintiff's claim of $4,066.77, which the court after due consideration refused to do, to which plaintiff excepted; this request being made prior to the peremptory instructions to the jury as aforesaid.

"Wherefore, it is by the court ordered and adjudged that plaintiff do have and recover of and from said defendant the sum of fifteen hundred dollars ($1,500) and his costs herein taxed at $————."

The plaintiff contends that the subject matter of his appeal was expressly excluded from the verdict and determined by the trial court as an issue of law. The defendant as stoutly contends that it clearly was embodied in the verdict and that there is nothing else before this court for consideration. It appears from the record that the plaintiff proceeded upon the theory that he had entered into an oral contract with defendant whereby it was agreed that he was to deposit securities in the safe in the vault of the defendant and that they would be fully covered by insurance; that pursuant to such agreement, and on three different dates thereafter, plaintiff made deposit of his securities with the bank to be kept for him; that the bank was burglarized; that his securities were stolen therefrom; that the bank failed to carry insurance sufficient to fully cover such securities; that the defendant bank was in effect an insurer and must pay him the full value thereof.

The defendant's theory was that it did not induce plaintiff to change the place of deposit of his bonds, but that the cashier told him of the greater safety that lay in keeping securities in the safe inside the vault, rather than in deposit boxes outside the safe but in the vault, and further told him that the contents of the safe were insured and that securities belonging to customers and kept in the safe were included in the insurance; that the cashier did not promise or agree to keep plaintiff's bonds fully insured, but, instead, on

the occasion of each deposit, gave plaintiff receipts showing only that the bank kept the bonds for safe-keeping; that defendant did not covenant either to return the bonds or their value; that it placed them in the same safe where it kept its own securities and money; that plaintiff's bonds were stolen through no fault of the defendant; that it stood ready and willing to pay plaintiff's *pro rata* share of the insurance and was willing to prorate its loss with the loss of its customers. With this controverted issue the trial proceeded. Plaintiff introduced his evidence and rested. The defendant demurred to the evidence. The demurrer was overruled. The defendant introduced its evidence and rested. The trial was one of an issue of fact, which was chiefly whether or not the contract, as claimed by plaintiff and denied by the defendant, had been entered into. The defendant moved the court to instruct the jury to return a verdict for plaintiff for its *pro rata* share of the insurance ($1,500). The motion was sustained and the jury so instructed. Verdict was returned accordingly.

A verdict is a finding of a jury based upon and after hearing facts submitted in a trial. When there has been a trial and verdict, alleged errors growing out of the trial, which inhere in and vitiate the conclusion arrived at, must be presented to the trial court for its consideration before being available for review. The verdict, which is determinative of the issues of fact submitted, must be vacated before there can be another trial, and unless the court on its own motion sets aside the verdict, a motion for such new trial is necessary before the errors complained of can be considered here. (See *Wagner v. Railway Co.,* 73 Kan. 283, 85 Pac. 299; *Darling v. Railway Co.,* 76 Kan. 902, 94 Pac. 202; *Heinz v. Light Co.,* 81 Kan. 261, 105 Pac. 527; *Bank v. Goodrich,* 96 Kan. 719, 153 Pac. 541; *Collins v. Morris,* 97 Kan. 264, 155 Pac. 51; *Kinear v. Guthrie,* 113 Kan. 692, 216 Pac. 280; *Barnhill v. Miller,* 114 Kan. 73, 217 Pac. 274; *Brick v. Fire Ins. Co.,* 117 Kan. 44, 230 Pac. 309; *Schubach v. Hammer,* 117 Kan. 615, 232 Pac. 1011.)

In *Heinz v. Light Co.,* supra, it was said in the syllabus:

"A motion for a new trial is necessary to a reëxamination of the facts in a case where a verdict for the defendant is rendered on the plaintiff's testimony by direction of the court. (*Darling v. Railway Co.,* 76 Kan. 893.)"

In the instant case the effect of the court's direction to the jury and the jury's action pursuant thereto was a verdict for the defend-

ant on the disputed questions involved. It was rendered after trial during which conflicting testimony had been introduced. Such being the situation, a motion for a new trial was necessary to make the question available for review.

The judgment is affirmed.

JOHNSTON, C. J., not sitting.