Franklin v. McGranahan.

---

No. 26,230.

P. R. FRANKLIN, *Appellee,* v. THEO. L. McGRANAHAN et al., *Appellants.*

SYLLABUS BY THE COURT.

NEW TRIAL—*Powers of Court—Sufficiency of Grounds.* It is held that no ground is shown for the reversal of an order granting a new trial after a verdict for the defendants in an action on promissory notes to which the defense of duress was interposed.

Appeal from Pottawatomie district court; MARTIN A. BENDER, judge. Opinion filed December 5, 1925. Affirmed.

*R. P. Evans* and *George Clammer,* both of Manhattan, for the appellants.
*A. E. Crane* and *B. F. Messick,* both of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: Theo. L. McGranahan and his father, Abe McGranahan, executed four notes to P. R. Franklin, in settlement of a claim of the latter for damages for an assault made upon him by the younger McGranahan. The first note was paid. This action was brought upon the other three. The defense of duress was interposed on the ground that the execution of the notes was induced by threats of prosecution for a felonious assault. A jury returned a verdict for the defendants. The plaintiff's motion for a new trial was sustained and the defendants appeal.

The new trial was granted on three grounds set out in the motion: (1) that the verdict and findings were contrary to the law and the evidence; (2) that the findings were inconsistent and not supported by the evidence; and (3) that the jury disregarded the instructions. The plaintiff invokes the familiar rule that unless the court approves the verdict no other course is open than to set it aside. The defendants undertake to avoid the application of the rule by con-

Appeal and Error, 4 C. J. § 2813.

tending that the undisputed facts, mostly in the form of documents, showed conclusively the obtaining of the notes by duress, and therefore that there was no occasion for a new trial. A prosecution for a felonious assault was pending against Theo. L. McGranahan when the notes were signed, counsel for Franklin assisting the county attorney. Afterwards a plea of guilty of assault and battery was accepted and a fine of $35, with costs amounting to $15, was imposed and paid. It does not necessarily follow that the notes were procured by duress. There was oral evidence on the subject that made the case one for the jury. But even if the plaintiff had failed to make a *prima facie* case, the trial court had authority to grant a new trial if in its view the failure was excusable and justice would be promoted by such action. (*Bank v. Goodrich,* 96 Kan. 719, 153 Pac. 541.)

The defendants urge that there was no inconsistency in the findings. The part of the motion for a new trial relating to that matter, however, was combined with the allegation that the findings were contrary to the evidence. Two of the findings were to the effect that the defendants were induced to sign the notes sued upon by reason of duress. These findings stood upon the same footing as the general verdict, and it was competent for the court to set them aside on the same grounds.

The jury were instructed they might consider whether by the payment of the first note the defendants ratified the making of the others. The defendants assume that this was one of the instructions referred to, and argue that the jury's disregard of it should not have been made a basis for granting a new trial, because the issue of ratification had not been pleaded. Inasmuch as the instruction was given, it was the jury's duty to obey it. The plaintiff is in no position to attack it. The sustaining of the motion for a new trial on the ground (among others) that the jury had disregarded the instruction does not necessarily mean that there was conclusive evidence of ratification, but merely implies that in the judgment of the court the jury failed to give proper weight to the instruction.

The judgment is affirmed.