No. 28,141.

James Nutter, *Appellee*, v. Carl Black, *Appellant*.

(267 Pac. 961.)

Opinion filed June 9, 1928.

*S. A. Gard, Oscar Foust, Kenneth H. Foust* and *John W. Brown,* all of Iola, for the appellant.

*F. J. Oyler,* of Iola, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: James Nutter sued Carl Black before a justice of the peace to recover $149 alleged to be due for work done and

performed upon defendant's farm under an oral contract. The justice of the peace gave judgment for the plaintiff, and defendant appealed to the district court, where a trial was had with a jury, which resulted in a verdict and judgment in favor of plaintiff in which he was awarded $149. Defendant again appeals.

The principal point urged as error was the giving of an instruction. After stating the contentions of the parties respecting the contract under which the work was performed, the court stated:

"Gentlemen of the Jury: This is a simple case and ought to be easy for you to decide and do so quickly. The only contention in this case is the question, Was there a contract as claimed by the plaintiff? and if you so find, then you should return a verdict for the plaintiff for the amount sued for, to wit, $149. On the other hand, if you find that the contention of the defendant is correct, and that there was no such contract as claimed by the plaintiff, but one such as was described by the defendant, then your verdict should be for the defendant."

It is argued that the court was not warranted in charging the jury that if the contract was as claimed by plaintiff they should find for the full amount claimed, or otherwise to return a verdict for the defendant. There was little testimony in the case other than on the question as to the terms of the contract. Plaintiff's testimony was to the effect that the agreement was made about September 1, 1926, to the effect that he and his wife should go out on the farm and he would be paid $1 a day for the time he was on the farm. Defendant was a single man, and a part of the agreement was that plaintiff's wife was to cook meals for all, do the housework and care for the butter and eggs for her board. The defendant's claim was that plaintiff was to take charge of and work on the farm on a fifty-fifty basis, that is, that he would get one-half of all that was produced on the farm after the following March first. He further said that he agreed to pay plaintiff for husking corn, and that the payment which had been made to him was for the husking of the last year's crop and not upon the $1 a day basis, as claimed by plaintiff. There was no dispute as to the time he went out on the farm nor when he moved away from it. The defendant made no complaint that he failed to work any of the time he was employed upon defendant's farm. It appears that $61 was paid by the defendant to plaintiff, and upon plaintiff's contention there was still due $149. No error was committed in the instruction quoted.

Defendant did not testify that plaintiff had failed to work every day, or that he had in any way neglected his work. There was testimony that plaintiff worked every day, including Sundays. He had the care of cows, horses, hogs and chickens, worked in the repair of buildings and fences and did other farm work. Instead of raising any question as to the kind or extent of plaintiff's work, defendant testified that plaintiff plowed, fixed roofing, that he did not do everything that was done, but that *"he did enough."* The only real issue in the case was the contract made between the parties, the plaintiff contending that he was employed to work for $1 per day while he worked on the farm, and the defendant contending that the contract was that he was to work for a share of the products of the farm. That question was settled by the jury upon abundant evidence. There was a sharp dispute in the testimony, but the jury believed that of the plaintiff and returned a verdict in his favor.

In view of the issues framed and that there was no question as to the time plaintiff was engaged on the farm or that he had worked all of the time that he had been there, no claim that plaintiff had not carried out the contract which the jury found to have been made, no dispute as to the amount that defendant had paid to plaintiff nor as to the amount due under plaintiff's theory of the contract, he was entitled to $149 if his claim as to the terms of the contract was upheld by the jury. It was therefore not material error for the court to tell the jury that if the contract was as claimed by plaintiff he would be entitled to recover $149, but that if the contract was as claimed by defendant a verdict should be returned in his favor.

There is a further contention that there was error of the court in excluding an offer of testimony. What the proposed testimony would be was not shown. It was not brought to the attention of the trial court on the motion for a new trial by affidavit or otherwise, and hence the ruling is not reviewable. (*Clark v. Morris*, 88 Kan. 752, 129 Pac. 1195; *Cheek v. Railway Co.*, 89 Kan. 247, 257, 131 Pac. 617; *Watson v. Parker Township*, 113 Kan. 130, 134, 213 Pac. 1051.)

The judgment is affirmed.