No. 28,460.

THE JETT-WOOD CENTRAL MERCANTILE COMPANY, *Appellee,* v. ROBERT PRINGLE (Revived in the Name of LOUISE A. PRINGLE, Executrix, etc.), *Appellant.*

(277 Pac. 37.)

Opinion filed May 4, 1929.

*W. M. Glenn,* of Wichita, for the appellant; *J. Graham Campbell,* of Wichita, of counsel.

*C. M. Williams, D. C. Martindell, W. D. P. Carey* and *E. Carey, Jr.,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The errors alleged in this case are the exclusion of evidence and the sustaining of the demurrer of the plaintiff to the defendant's evidence in an action on a note where the execution of the note was admitted and the defendant assumed the burden of proof in making a defense to the note. Judgment was rendered for the plaintiff on the note, and defendant appeals.

The plaintiff introduced the note and rested. It was signed on the back, "The Merc. Co., E. L. Morgan, Mgr.," and on the face, "Robt. Pringle, Pres.," and was made payable to the plaintiff herein. The action was brought against Robert Pringle, who died before the issues were joined, and the case was revived in the name of his

executrix. The answer admits the execution of the note, but makes three defenses thereto, viz.: First, that he executed it as president of the Mercantile Company, for which the manager had already signed on the back, that he as president was duly authorized to execute such for the company, that it was so understood at the time, and that he refused to execute it as an individual; second, that it was without consideration as to him individually; and, third, that it had been compromised and settled—that he had paid his part in full, which had been accepted by the plaintiff. A reply was filed denying either generally or specially all of the allegations in defense. Very little evidence was introduced, because the trial court sustained the plaintiff's objections to much that was offered by the defendant, and then sustained plaintiff's demurrer to defendant's evidence and rendered judgment for plaintiff on the note.

We will first consider the error assigned in sustaining the demurrer to the evidence, which is a question of law as to the sufficiency of the evidence actually introduced to constitute a defense to the note, regardless of the evidence excluded, because such evidence could not have gone to the jury if the demurrer had been overruled.

Z. M. Johnson, a salesman of the plaintiff, was called by the defendant, and testified that he had sold most of the goods to the Mercantile Company of Tribune; that he and another representative of the plaintiff, after going over the account with the manager of the Mercantile Company, made out the note in question, on the back of which the manager signed the name of the Mercantile Company by him as manager. Then he and the representative of the plaintiff went out to see Mr. Pringle and talked with him of the condition of the store, and he signed the note. He further testified that the note was given in settlement of the account of the Mercantile Company due on that date (March 4, 1925) ; that he remembered being in the office of Mr. Glenn in Tribune in December, 1925, with a representative of another wholesale company, trying to get a settlement of the Mercantile Company accounts; that several of the stockholders of the company were there, and a written agreement was made out to settle the accounts with the creditors; that Mr. Pringle was not at the meeting when the agreement was signed by the stockholders present; that he and the representative of the other wholesale house went to see Mr. Pringle; that the talk included the settlement of the note now in suit, as well as the open account of the Mercantile Company, the whole thing; that Mr. Pringle said he

would be willing, if the other stockholders were willing, to all pay in so much per share, and Mr. Pringle gave him his check for something like $180, representing his share; that he came back to Tribune and cashed the check and then went to Mr. Glenn's office. On cross-examination he said: "I told Mr. Glenn and the rest of the men present that I wasn't the credit man, and had no authority from my house to make any final settlement, and anything they wanted to submit I would have to submit to the house for approval, and that I couldn't make any final settlement."

Mr. Glenn, attorney for defendant and appellant, was sworn, and testified he was a director in and secretary of the Mercantile Company, and was present at the conference of the stockholders with Z. M. Johnson in his office in December, 1925, and that Mr. Pringle was not present.

This is substantially all the testimony shown in the record, and while there is some testimony as to a settlement with Mr. Pringle of the note, it was conditioned on Mr. Pringle's part upon the other stockholders being willing, of which we have no evidence except that those of them present at the conference signed an agreement, the contents of which we do not know. It was also conditioned upon the action of the plaintiff, because the testimony shows all the witness could do was to submit it to the house for approval.

. Appellant argues that the long time intervening between the acknowledged receipt of the cash from Mr. Pringle's check would justify the presumption of approval on the part of the house. That would seem to be a violent presumption. Approval is a separate and distinct act from the submission of the proposition. Presumption of approval needs some step in the direction of approval which, with long intervening time, might justify such inference (22 C. J. 83 et seq.), and we do not have any such intervening step; we do not even have any evidence of the submission.

It is further argued that the evidence as to the obligation, the preparation and the execution of the note, however limited, was sufficient to go to the jury as against a note of the form and character of the one in question. Was there sufficient evidence admitted to establish the intention of Mr. Pringle when he signed the note? The fact that he gave it in settlement of the account of the Mercantile Company will not relieve him, if otherwise obligated. That is substantially all the oral testimony given on that subject. We think it was not sufficient to constitute a defense against his individual

liability thereon, even if an ambiguity existed in the note itself as to who was liable thereon. There not being sufficient evidence to constitute any defense to the note, the demurrer was properly sustained.

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." (R. S. 52-604.)

"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal does not exempt him from personal liability." (R. S. 52-220.)

Counsel on both sides have ably and fully argued the question as to the legal effect of the signature to the note, but we can see no good purpose in going into that legal question here, where the defendant has admitted the execution of the note, accepted the burden of proof, thereby admitting plaintiff's *prima facie* case, and where the demurrer has been sustained to the evidence in defense. Under such circumstances judgment properly follows in favor of plaintiff. But the exclusion of the evidence by the court is probably the reason the demurrer had to be sustained, if there was an ambiguity making parol evidence competent, and that brings us to the rule of procedure which has existed for twenty years, the application of which sometimes seems harsh, viz.:

"In all cases where the ground of the motion is error in the exclusion of evidence, want of fair opportunity to produce evidence, or newly discovered evidence, such evidence shall be produced at the hearing of the motion by affidavit, deposition or oral testimony of the witnesses, and the opposing party may rebut the same in like manner." (R. S. 60-3004.)

The excluded evidence was not produced in this case on the hearing of the motion for new trial, and the error, if any, in excluding it is therefore not reviewable.

"A ruling excluding evidence is not reviewable when the evidence was not presented to the trial court by affidavit or otherwise at the hearing of the motion for a new trial." (*Nutter v. Black,* 126 Kan. 331, syl. ¶ 2, 267 Pac. 961.)

This applies to the exclusion of the evidence of the attorney in the case as well as that of the other witness, and the offer made in the record is not in compliance with the requirement of the statute. Many other cases could be cited sustaining this rule, but it is unnecessary.

Appellant's counsel, in recognition of this rule, cited and presented decisions of this court which either directly hold, or by reference indicate, that such rule does not apply where a demurrer to the evidence is sustained and a judgment is rendered. There is no such exception in the statute, nor justified by it, but the decisions cited are confusing and should be explained. We will first consider the case of *Wagner v. Railway Co.*, 73 Kan. 283, 85 Pac. 299, which refers to one earlier decision, and the same situation will apply to all earlier decisions on this question. In the opinion in that case it was said:

"A demurrer to evidence raises nothing but a question of law, and it is impossible for its decision to be a decision of the issues of fact. If sustained, it not only leaves the issues of fact undetermined, but it deprives the party against whose evidence it is directed of any opportunity of having them determined by a verdict, report or decision; and it is only 'after' a verdict, report or decision which, unless vacated, settles all controversy with reference to the issues of fact that a motion for the reëxamination and settlement anew of those issues is in order. The suggestion in *Gruble v. Ryus* that an improper exclusion of evidence may have induced the ruling sustaining the demurrer to the evidence does not change the procedure which the statute plainly establishes. Both errors may be presented to this court without a preliminary motion for a new trial in the district court, because the abortive trial did not progress to a verdict, report or decision on the issues of fact." (p. 286.)

This opinion was filed March 10, 1906. At that time the statute above quoted requiring excluded evidence to be produced upon the hearing of the motion for new trial had not been enacted and did not take effect until three years later. At that time the only requirement to produce evidence in connection with a motion for a new trial was to produce newly discovered evidence. (See sections 306, 308 and 309 of the civil code.)

The case of *State Bank v. McBride*, 115 Kan. 51, 222 Pac. 141, is the next one cited in this connection, which refers to the former decision but also recognizes and cites the new statute as follows:

"A motion for a new trial was filed and overruled, but at its hearing no evidence was produced, by affidavit or otherwise, of the facts the plaintiff's witnesses would have testified to, as required by the civil code. (§ 307; R. S. 60-3004.) It has been said that where a demurrer to the plaintiff's evidence is sustained rulings rejecting evidence offered by him may be reviewed without a motion for a new trial. (*Wagner v. Railway Co.*, 73 Kan. 283, 286, 85 Pac. 299.) Whether or not a motion for a new trial was necessary to support an appeal from the rulings complained of, one was filed and considered and an opportunity was thereby afforded to advise the court of the force of the excluded evidence." (p. 52.)

In two recent cases reference has been made to the cases above cited in connection with the present requirement under R. S. 60-3004, viz., *City of McPherson v. Stucker*, 122 Kan. 595, 256 Pac. 963, and *Berg v. Citizens State Bank*, 127 Kan. 354, 273 Pac. 462. In both cases the present rule was observed, but inadvertently the prior rule was referred to as applicable where a demurrer to the evidence was sustained as stated in *Wagner v. Railway Co.*, supra. This was the rule under the old statute, but the new statute of 1909 is general and permits of no exception of this kind.

Reverting briefly to the question of intention of maker, with reference to being obligated individually, we can readily recognize the force and application of the cases cited from other jurisdictions, but that intention was established by parol evidence in those cases, which was not sufficiently done in this case, and its exclusion cannot now be considered on appeal, because it was not produced on the hearing of the motion for new trial.

The judgment is affirmed.